In the Matter of the Application of H. R. BROWN, on His Own Behalf and on Behalf of Others Similarly Situated, Petitioner.

CHARLES S. COLDEN et al., Purported Trustees of Flushing Hospital and Dispensary, et al., Respondents.

Supreme Court, Special Term, Queens County, December 17, 1943.

[black redaction bars]

*George Kent Weldon* for petitioner.

*John Holley Clark, Jr.,* for respondents.

CUFF, J. This is an application brought pursuant to the authority of section 25 of the General Corporation Law to have vacated and set aside the election of respondents to membership on the Board of Trustees of Flushing Hospital and Dispensary, a membership corporation.

A related question had been litigated by the same parties. It terminated in an order by the Appellate Division, Second Department, directing that the corporation meet and "there be elected seven trustees for terms expiring on the first Monday of March, 1944, and that only the persons who were members of the respondent corporation (Flushing Hospital and Dispensary) on March 3, 1941, be permitted to vote for the said trustees * * * " (order App. Div., Mar. 29, 1943; *Matter of Steel* v. *Flushing Hospital and Dispensary,* 266 App. Div. 690, affd. without opinion 290 N. Y. 878). The reason for fixing in the order March 3, 1941, as the day of reckoning, was that the court had decided that the meeting and election held on that day had been improperly conducted and was ordering that that meeting be reassembled and that election held again. Eligibility to vote, the order provided, would be determined as of March 3, 1941. The order failed to refer to the qualifications of the persons to be elected trustees; there seemed to be no occasion for such reference.

The only question presented for decision is one of law: Were respondents eligible to hold the office of trustee to which they claim to have been elected?

Trustees of the hospital are chosen for three-year terms (By-Laws, art. 2, § 1). The order of the Appellate Division treated with two groups of trustees: those who were to serve from the first Monday of March, 1941, to the same day in 1944; and those whose terms began on the first Monday of March, 1942, and expired the same day in 1945. In that order the court took care to point out that the electors of 1941 to 1944 trustees should qualify as of the first Monday of March, 1941, while the electors of the 1942 to 1945 trustees should qualify as of the first Monday of March, 1942.

The by-laws of the corporation provide that " A person of full age who shall contribute at least $5.00 to the corporation for its support shall be a member of the corporation during the twelve months immediately following such contribution " (art. 1, § 1). Then the same by-laws declare that to be a trustee a person must be a member, using the following language: " The Board of Trustees shall consist of eighteen members of the corporation * * * " (art. 2, § 1). Those two provisions mean that for a person to be a trustee he must have contributed five dollars to the corporation for its support within the year immediately preceding his election. The contribution to *the corporation* is an indispensable qualification for a trustee.

The respondents are substantial, charitable members of the community who contributed to the hospital regularly and in large sums over many years. It is not denied by them that they omitted to make a contribution to the corporation within the twelve months preceding their election. The reason for this omission indicated no lack of interest in the hospital. It happened because in 1937 Flushing Hospital affiliated itself with the United Hospital Fund of New York City. This court judicially notices that the United Hospital Fund was at that time and now is an agency for collecting funds to be used for the benefit of the hospitals in New York City, which affiliate with it. There is one drive or campaign each year under the sponsorship of the city's leading citizens. The net proceeds are apportioned among the affiliated hospitals. That method of accumulating funds to maintain the hospitals of this city eliminated the many individual " hospital drives " for funds.

The respondents state that after Flushing Hospital identified itself with the United Fund, contributing directly to the corporation was abandoned in favor of making donations to the United Fund. They say that Flushing Hospital fared better that way. The proof shows that the respondents gave to the United Fund — and incidentally gave annually and generously — beginning in 1939. They contend that their practice of making gifts to the United Fund was equivalent to making the donations to the hospital corporation itself.

As public spirited as these men were, the court cannot agree that their gifts to the United Hospital Fund within the year prior to their elections as trustees satisfied the requirement of the by-laws concerning membership.

It is argued by respondents that the petitioner interpreted the by-laws to mean that the donations to the United Hospital

Fund would suffice to render a person eligible for a trusteeship. They point out that included in petitioner's slate of candidates for trustees at the contested elections were those who had not made contributions directly to the corporation. They say that that is an acceptance of their interpretation of the by-laws. Again the court must disagree. The proof falls far short of establishing that meaning for the clear language of the by-laws. It does not seem that the by-laws, which leave no room for doubt as to their meaning, could be distorted, even by such usage, to produce an effect diametrically opposed to their terms.

The respondents advance the contention also that the election having been held on July 6, 1943, their qualifications should be determined as of that date. They add that the by-laws make no requirement that trustees be corporate members at the time they are chosen. They say that the rule of being a member applies only when a trustee assumes the office.

To accept the argument that although the electors had to qualify as of March, 1941, they, the candidates for trustees, were not similarly restricted, would be to defy the spirit of the by-laws, defeat their purpose, which is to retain a steady " dues " paying membership, and to base a ruling upon no evidence at all for there is no competent proof in the record to support that reasoning.

The proposal that a trustee need not be a " member " at the time of his election to the trusteeship but must be one when he takes office, is defeated by the final provision in section 1 of article 2 of the by-laws when it says that each trustee shall " serve for a term of three years or until the election of their successors ". The election and taking of office are simultaneous.

This application must be granted. The order will provide for a meeting of the members and an election thereat of seven trustees for terms expiring on the first Monday of March, 1944, which meeting and election shall conform in all respects, except date, to the provisions contained in the Appellate Division order of March 29, 1943. The order will also provide that only persons who were eligible to hold office on the first Monday of March, 1941, shall be qualified to be elected members of the Board of Trustees. Order on notice.